IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:15CR00033 |
| v. | ) OPINION AND ORDER |
| STACEY POMRENKE, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; R. Wayne Austin, Scyphers & Austin, P.C., Abingdon, Virginia, for Defendant.*

The defendant in this criminal case moved for a trial continuance due to the large volume of discovery produced by the government. Counsel for the defendant represented to the court that the discovery materials, which were produced less than 45 days before the scheduled trial date, exceed 1.9 million pages and also include 49 audio recordings and two videos. The trial in this case is currently scheduled to begin on January 4, 2016. Defense counsel requested that the court continue the trial until June 20, 2016.

The government filed written opposition to the defendant's motion to continue, and I heard oral argument on the motion. At the close of oral argument, I agreed to a limited continuance of approximately six weeks. This Opinion sets

forth my reasons for continuing the trial in this case, and for granting a continuance of only six weeks rather than six months.

The federal Speedy Trial Act generally requires that a criminal defendant's trial "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. §3161(c)(1). However, the court can exclude from the 70-day calculation

> [a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . , if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act exists to protect the interests of the public as well as the defendant. In general, the public has an important interest in the prompt resolution of criminal cases. *See United States v. Hastings*, 847 F.2d 920, 923-24 (1st Cir. 1988); Stephen F. Chepiga, Note, *Speedy Trials: Recent Developments Concerning a Vital Right*, 4 Ford. Urb. L.J. 351, 352-54 (1975) (describing societal

interest in speedy trials); H.R. Rep. No. 93-1508, at 7408-09 (1974) (explaining the benefits of speedy trial to society). As the Court of Appeals for the Second Circuit recently explained,

> The Act's demand that justice be swiftly administered serves the public interest by, among other things, avoiding extended pretrial delays, which may impair the deterrent effect of punishment or risk the loss of important evidence. Whenever a prosecution — for whatever reasons — falls short of meeting the Act's requirements, the administration of justice is adversely affected. Certainly, the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, "justice delayed is justice denied."

*United States v. Bert*, 801 F.3d 125, 137 (2d. Cir. 2015) (internal quotation marks, alterations, and citations omitted). The public interest in this case is particularly strong because the defendant is the Chief Financial Officer ("CFO") of BVU Authority, a public entity, and the crimes of which she is accused relate directly to her work.[1]

At oral argument, the government indicated that the majority of the documents it had produced to defense counsel are not relevant to the issues in the case, but it had produced everything in its possession to ensure that it had met all disclosure obligations. A significant number of the documents are emails that were produced electronically in a searchable format. The documents produced include minutes of board meetings at which the defendant was present, emails to and from

---

[1] BVU Authority was formerly known as Bristol Virginia Utilities. *See* Va. Code Ann. § 15.2-7201.

the defendant, and annual audits that the defendant helped to prepare. Additionally, in her capacity as CFO of BVU Authority, the defendant has been directly involved in the government's investigation since March of 2014. Therefore, the defendant should already be familiar with many of the documents contained in the production.

The defendant's attorneys contend that in order to meet their ethical obligations to their client, they must review every document produced by the government to determine its relevance or lack thereof. In their estimation, with three lawyers working around the clock, that task would take more than a year to complete.

This case is not particularly complex, and the government does not anticipate introducing a large number of documents into evidence at trial. I believe that many of the produced documents can be reviewed very quickly. Counsel for the defendants can use e-discovery software to aid in their review and can enlist the assistance of additional attorneys if necessary. In addition to the three attorneys of record, the defense team also includes an investigator. Moreover, the defendant's husband is legally trained. Although he is not counsel of record in this case, I previously affirmed an order of the magistrate judge allowing the defendant to disclose the discovery materials to her husband, anticipating that he would assist with trial preparation. (Order, Dec. 1, 2015, ECF No. 33.)

- 4 -

Case 1:15-cr-00033-JPJ-PMS   Document 43   Filed 12/10/15   Page 4 of 6   Pageid#: 127

Given the large volume of discovery produced and the short time until trial, I find that the ends of justice served by a brief continuance outweigh the best interest of the public and the defendant in a speedy trial because the failure to grant such a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. In light of the strong public interest in the swift resolution of this case, I find that a continuance of six months is not warranted. A shorter continuance of approximately six weeks will provide adequate time for the defense to prepare for trial while still serving the interest of the public and the defendant in having this case promptly concluded.

Accordingly, it is **ORDERED** as follows:

1. The defendant's Motion for Continuance (ECF No. 35) is GRANTED;
2. The trial in this matter is continued to February 16, 2016, at 9:00 a.m., through February 26, 2016;
3. The defendant's Motion for Extension of Deadline (ECF No. 38) is GRANTED;
4. The Pretrial Conference is reset for February 4, 2016, at 1:30 p.m., before the undersigned;
5. The parties must disclose any expert witnesses pursuant to Federal Rule of Criminal Procedure 16 by January 4, 2016;
6. The parties must file any pretrial motions by February 1, 2016; and

7. All discovery material supplied to the defendant must be returned to defense counsel at the conclusion of this case; and defense counsel must then return all such discovery material directly to the government.

        ENTER: December 10, 2015

        /s/ James P. Jones
        United States District Judge