# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:15CR00033 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **STACEY POMRENKE,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee*, Assistant United States Attorney, Abingdon, Virginia, for United States; *Steven R. Minor*, Elliott Lawson & Minor, Bristol, Virginia, for Kurt J. Pomrenke.

In this criminal case, the government subpoenaed the defendant's husband, Kurt J. Pomrenke, to testify at trial. Mr. Pomrenke has moved to quash the subpoena, invoking the adverse spousal testimony privilege. In response, the government argues that the topics on which Mr. Pomrenke will be questioned relate in part to events prior to his marriage to the defendant, and that his testimony would be highly relevant. Alternatively, the government contends that Mr. Pomrenke should be forced to appear in person at trial to invoke the privilege.

Settled case law establishes that Mr. Pomrenke cannot be forced to testify against his wife, regardless of the topics of questioning. *See, e.g., Trammel v. United States*, 445 U.S. 40, 53 (1980) (holding that "the witness-spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to

testify nor foreclosed from testifying"). The government cannot force Mr. Pomrenke to invoke the privilege before the jury. *See, e.g., United States v. Hall*, 989 F.2d 711, 716 n.9 (4th Cir. 1993); *United States v. Morris*, 988 F.2d 1335, 1338, 1339 (4th Cir. 1993).

Accordingly, it is **ORDERED** that the Motion to Quash Subpoena and for Ruling in Advance of Trial that the Defendant's Husband May Not Be Called as a Witness for the Government (ECF No. 51) is GRANTED.

ENTER: February 1, 2016

/s/ James P. Jones
United States District Judge