# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:15CR00033 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| STACEY POMRENKE, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney and Kevin L. Jayne, Special Assistant United States Attorney, Abingdon, Virginia, for United States; R. Wayne Austin and David L. Scyphers, Scyphers & Austin, P.C., Abingdon, Virginia, and Joel B. Miller, Joel B. Miller, PLC, Roanoke, Virginia, for Defendant.*

Defendant Stacey Pomrenke was convicted by a jury of public corruption and tax fraud charges, and she was convicted by the court of criminal contempt. On August 11, 2016, I sentenced her to 32 months imprisonment on the corruption and tax charges and two months of imprisonment on the contempt charge, to be followed by a term of supervised release of three years. I ordered her to pay an assessment of $1,400, a fine of $10,000, and restitution in the amount of $15,116 to the Internal Revenue Service. I also issued a Money Judgment Order of Forfeiture in which I ordered that a money judgment in the amount of $34,546.18 shall be entered against Pomrenke.

Pomrenke has now filed a Motion to Correct Sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. Pomrenke contends that the forfeiture amount entered against her improperly includes the value of property that was part of a coconspirator's corrupt transaction which, in Pomrenke's view, was not reasonably foreseeable to her, and other amounts not directly received by her. The motion essentially argues that the government failed to meet its burden of proof with respect to the inclusion of these items in the forfeiture judgment.

The court cannot modify a sentence "unless [1] the Bureau of Prisons moves for a reduction, [2] the Sentencing Commission amends the applicable Guidelines range, or [3] another statute or Rule 35 *expressly* permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). Rule 35(a) states, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "Every relevant authority agrees that the scope of 'clear error' correctable under Rule 35(a) is extremely narrow." *United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009). "A district court's authority to correct a sentence imposed as a result of 'clear error' is limited to 'cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a).'" *United States v.*

*Ward,* 171 F.3d 188, 191 (4th Cir. 1999) (quoting *United States v. Waters,* 84 F.3d 86 (2d Cir. 1996)).

The issue raised in Pomrenke's motion is not an arithmetical or technical one, but a substantive legal question. I conclude that it is not an issue I can properly address under Rule 35(a).

The Indictment against Pomrenke included a Notice of Forfeiture stating that the government sought forfeiture of $50,000 in currency. At the close of Pomrenke's jury trial, before the jury began deliberating, I asked the prosecutor in open court whether the government was seeking a money judgment. The prosecutor affirmed that the government sought a money judgment rather than forfeiture of specific property, and therefore the jury would have no role with respect to forfeiture.

Pomrenke did not object to the forfeiture calculation either in her sentencing memorandum or orally during the sentencing hearing. The proper time to offer argument about the amount of the forfeiture judgment was during the sentencing hearing. Pomrenke waived any such arguments by failing to make them at that time.

For the foregoing reasons, it is **ORDERED** that the Motion to Correct Sentence (ECF No. 257) is DENIED.

ENTER: August 25, 2016

/s/ James P. Jones
United States District Judge